**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 10-00102-CJC(OPx)                              Date: April 14, 2010

Title: <u>DEVILLE DEVELOPMENT V. DANIEL DEUTSCH ET AL.</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                                          <u>   N/A   </u>
Deputy Clerk                                                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                             None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Deville Developments, LLC ("Deville"), filed this action for breach of contract against Defendants Daniel Deutsch and Gustavo Bertran (collectively "Defendants") in San Bernardino County Superior Court on November 14, 2009. Deville, a real estate developer, alleges that Defendants breached a contract to provide Deville with architectural services for a residential development. Deville also claims that Defendants refuse to turn over the electronic copies of the architectural plans so that another architect can finish the project. On November 19, 2009, Deville sought a temporary restraining order against Defendants to enjoin them from withholding the electronic copies of the architectural plans. The Superior Court denied the motion. On December 21, 2000, Mr. Deutsch brought a counterclaim against Deville and a crossclaim against Eagle Victorville 492, LLC, for breach of contract, quantum meruit, and declaratory relief based on the same contract.

On January 20, 2010, Deville removed this action to this Court. In its notice of removal, Deville states that the Court has federal question jurisdiction because Defendants raised an intellectual property law defense in opposition to Deville's motion for a temporary restraining order. Deville also attached 28 U.S.C. § 1338 to its notice of removal, which states:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 10-00102-CJC(OPx)                                    Date:  April 14, 2010
                                                                                                              Page 2

> The district courts shall have original jurisdiction of any civil action *arising under* any Act of Congress relating to patents, plant variety protection, copyrights and trademarks.  Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338(a) (emphasis added).

A district court must remand a case to state court if it appears at any time before final judgment that the district court lacks subject matter jurisdiction.  28 U.S.C. §1447(c).  A federal court has subject matter jurisdiction over a case that either raises a question under federal law or is between diverse parties and involves an amount in controversy of over $75,000.  28 U.S.C. §§ 1331, 1332.  "[A] case raising a federal patent-law defense does not, for that reason alone, arise under patent law, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809 (internal quotations omitted).  As the Ninth Circuit has noted, "the federal grant of a patent or copyright has not been thought to infuse with any national interest a dispute as to ownership or contractual enforcement turning on the facts or on ordinary principles of contract law . . . .  Contract questions that depend on common law or equitable principles belong in state court."  *Dolch v. United Cal. Bank*, 702 F.2d 178, 181 (9th Cir. 1983).

It is unclear from the notice of removal why this action, which involves only state law causes of action, arises under federal law merely because there may be a copyright or patent involved.  The Court, on its own motion, hereby orders the parties to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction.  Any opposition to the Court's order to show cause shall be filed by April 26, 2010.  Any reply shall be filed by May 10, 2010.  Upon the filing of reply, if any, the matter will stand submitted.  The hearing on the motion for default judgment set for April 14, 2010, at 1:30 p.m. is hereby vacated and off calendar.

jhp

MINUTES FORM 11
CIVIL-GEN                                                                                      Initials of Deputy Clerk MU